UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61631-CR-DIMITROULEAS/SNOW

CHARLOTTE FAIRCLOUGH,

      Plaintiff,

vs.

AMERICAN EXPRESS TRAVEL
RELATED SERVICES COMPANY, INC.

      Defendant.
_____/

## REPORT AND RECOMMENDATION

_____THIS CAUSE is before the Court on Defendant's Verified Motion for Determination of Reasonable Attorneys' Fees and Costs (DE 15), which was referred to United States Magistrate Judge Lurana S. Snow.   The motion is fully briefed and is ripe for consideration.

I. PROCEDURAL BACKGROUND

The instant action was filed by the plaintiff on September 3, 2010, alleging that the defendant violated the Florida Civil Rights Act by taking adverse action against her on the basis of race and age.   A previous action bringing the same claims against the defendant had been filed by the plaintiff on August 5, 2008: Case No. 08-61395-CIV-DIMITROULEAS.   On July 15, 2009, the plaintiff was permitted to voluntarily dismiss the prior case without prejudice. However, the Court ordered that, as a condition of re-filing the action, the plaintiff would be required to pay all

attorneys' fees and costs incurred by the defendant through July 15, 2009. Id., DE 39.

On July 24, 2009, the defendant submitted to the plaintiff's counsel invoices and other documents reflecting attorneys' fees in the amount of $43,658.00 and costs in the amount of $2,580.56. The instant case was filed without payment of those fees and costs. On October 28, 2010, United States District Judge William P. Dimitrouleas granted a stay of the instant action, and referred the matter to the undersigned for determination of reasonable fees and costs. The Court stated that the referral was not for the purpose of re-litigating or re-arguing the defendant's entitlement to fees and costs, and that the sole issue to be determined was the amount to be awarded to the defendant. (DE 10)

The defendant's claimed attorneys' fees are based on the following hourly rates: $275 per hour for the principal litigation partner, $200 per hour for an associate and $90 for paralegals. The defendant has provided detailed billing records; the affidavit of counsel of record, attesting to the accuracy of the records and the necessity of the time expended, and the affidavit of an attorney who practices in the field of labor employment law in this District, attesting to the reasonableness of the rates and hours expended. The fees and costs claimed in the motion have been paid by the defendant. (DE 15)

In her response, the plaintiff stipulates to the reasonableness of the hourly rates. However, the plaintiff contends that the hours claimed are excessive, arguing that in the prior case, the only deposition taken was that of the plaintiff and the parties engaged only in written discovery prior to the defendant's filing of its motion for summary judgment. Rather than making any specific objections to counsel's billings, the plaintiff simply asks the court to conduct an evidentiary hearing to determine whether any of the hours billed by defendant's counsel were excessive, redundant or otherwise unnecessary. The plaintiff's response is silent on the issue of reasonable costs. (DE 16)

## II. RECOMMENDATIONS OF LAW

### A. Attorneys' Fees

This Court must calculate a reasonable attorney fee by utilizing the "lodestar" method described in Hensley v. Eckerhart, 461 U.S. 424 (1983), which held that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," since this computation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Id. at 433.

The Eleventh Circuit has adopted the lodestar approach as the method to be used in calculating federal statutory fee awards.

Norman v. Housing Auth. Of Montgomery, 836 F.2d 1292 (11th Cir. 1988).  The court must begin by determining a reasonable hourly rate, which is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation."  Id. at 1299, citing Blum v. Stenson, 465 U.S. 886, 895 (1984).  The applicant bears the burden of proving, by direct or opinion evidence, that the requested rate is in line with prevailing market rates.  Norman, supra, at 1299.

The applicant also bears the burden of documenting his or her time expenditures, and may submit opinions as to their reasonableness.  Id. at 1303.  However, the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  Id.

The required format to be followed by an applicant is set forth in S.D. Fla.R. 7.3.(a), which provides that any motion for an award of attorneys fees and/or costs shall be verified, shall state the amount sought and shall disclose the terms of any applicable fee agreement.  The motion also must set forth:

> (A)   the   identity,   experience,   and qualifications for each timekeeper for whom fees are sought;
>
> (B) the number of hours reasonably expended by each such timekeeper;

(C) a description of the tasks done during those hours; and

(D) the hourly rate(s) claimed for each timekeeper.

The Rule also prescribes the procedure to be followed by the opponent to an award of fees and costs:

Within fourteen (14) days after filing and service of the motion, the respondent shall describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority.

Where, as here, the respondent fails to lodge specific objections, the Court is entitled to rely upon the affidavits and other documentation submitted by the fee applicant, together with the Court's own knowledge, in determining what constitutes a reasonable fee. Gray v. Lockheed Aeronanautical Systems Co., 125 F.3d 1387, 1389 (11th Cir. 1997).

The undersigned agrees with the parties that the rates claimed by counsel for the defendant are reasonable. Additionally, after a careful review of the motion and supporting exhibits and affidavits, the undersigned finds that there is no basis to exclude any of the hours claimed by counsel for the defendant as not reasonably expended. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). Accordingly, the defendant is entitled to reasonable attorneys' fees in the amount of $43,658.00 for work performed in the prior case filed by the plaintiff.

B. <u>Costs</u>

Taxable costs are identified in 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In the instant case, the defendant seeks an award of costs in the total amount of $2,580.56, consisting of: $350.00 for the removal fee; $1850.25 for court reporter's fees incurred in taking the plaintiff's deposition, which was used in the defendant's motion for summary judgment; $124.53 in courier and postage fees, and $255.78 in photocopying and long-distance telephone fees. As previously noted, the plaintiff has lodged no objection to the costs claimed by the defendant. The undersigned finds that these costs are compensable and must be paid by the plaintiff.

III. <u>CONCLUSION</u>

For the foregoing reasons, and being duly advised, it is hereby

RECOMMENDED that the plaintiff in the instant action be required to pay the defendant reasonable attorneys' fees in the amount of $43,658.00 and costs in the amount of $2,580.56.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable , United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. <u>LoConte v. Dugger</u>, 847 F.2d 745 (11th Cir. 1988), <u>cert. denied</u>, 488 U.S. 958 (1988); <u>RTC v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 27th day of January, 2011.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE


Copies to:

All Counsel of Record

7