UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61631-CIV-DIMITROULEAS

CHARLOTTE FAIRCLOUGH,

    Plaintiff,

vs.

AMERICAN EXPRESS TRAVEL
RELATED SERVICES CO., INC.,

    Defendant.
_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE

THIS CAUSE is before the Court upon Defendant's Verified Motion for Determination of Reasonable Attorneys' Fees and Costs and Incorporated Memorandum of Law in Support [DE-15], and the Report and Recommendation [DE-18] dated January 27, 2011. The Court has conducted a *de novo* review of the Report and Recommendation, Plaintiff's Objections [DE-19], Defendant's Response [DE-20], the record herein, and is otherwise fully advised in the premises.

On September 3, 2010, Plaintiff commenced the instant action against Defendant American Express Travel Related Services Co., Inc. ("AmEx") for race and age discrimination arising out of her employment with and termination from AmEx. The instant action is admittedly a re-filed case from Case No. 08-61395-CIV-DIMITROULEAS that was previously before this Court ("Prior Action") [DE-1-1]. The Prior Action involved identical parties and related to the same purported discriminatory termination of Plaintiff by AmEx as is alleged in the instant action.

The Prior Action had been set for trial on the two-week calendar commencing Monday, September 21, 2009, with discovery and substantive pretrial motion deadlines of June 26, 2009 and July 10, 2009, respectively.  On June 1, 2009, this Court denied Plaintiff's Motion to Enlarge Discovery and Other Pretrial Deadlines [DE-28], concluding that Plaintiff had waited until the discovery deadline to commence discovery and, therefore, did not show good cause for the requested continuance.  Thereafter, in an apparent attempt to escape the Court's established deadlines, Plaintiff filed a Motion for Voluntary Dismissal Without Prejudice [DE-29], which the Court denied in the absence of a stipulation of dismissal signed by all parties and after concluding that there was no showing of just cause to dismiss the action.  [DE-30].

Then, on July 1, 2009, notably after the discovery deadline had expired and just nine (9) days before the substantive pretrial motion deadline, Plaintiff filed a Renewed Motion for Voluntary Dismissal Without Prejudice [DE-31].  After extensive briefing from the parties – during which time AmEx filed a motion for summary judgment in order to meet the substantive pretrial deadline – the Court granted the Renewed Motion for Voluntary Dismissal Without Prejudice.  [DE-39].  However, in granting the voluntary dismissal the Court placed conditions on the dismissal, noting that AmEx had expended substantial time, resources and expenses in litigating the case.  Therefore, the Court's Order of July 15, 2009 [DE-39] provided that in the event Plaintiff refiled the Prior Action, Plaintiff was required to refile the case in the U.S. District Court for the Southern District of Florida and Plaintiff was required to pay the attorneys' fees and costs incurred by AmEx in the Prior Action through the date of the Order.

On September 27, 2010, AmEx moved pursuant to Federal Rule of Civil Procedure 41(b) to dismiss the instant Complaint for failure to comply with the Court's July 15, 2009 Order, since

Plaintiff failed to reimburse AmEx for any of its fees and costs incurred in the Prior Action. On October 27, 2010, this Court granted in part Defendant's motion to dismiss or stay, entered a stay of the action, and referred this matter to United States Magistrate Judge Lurana S. Snow for appropriate disposition or report and recommendation solely on the issue of the reasonable fees and costs incurred by AmEx in the Prior Action. [DE-10].

The Court's Order specifically indicated that the "issue here is not whether AmEx is entitled to its fees and costs incurred in the Prior Action – that issue was already decided in the July 15, 2009 Order whereby Plaintiff was required to pay the attorneys' fees and costs incurred by AmEx in the Prior Action through the date of the Order as a condition of refiling the action." *Id.* at 5. The Court continued that the "requirement that Plaintiff pay AmEx's fees and costs was a sanction for Plaintiff failing to comply with the Court's orders in the Prior Action." *Id.* As such, in referring the matter to the Magistrate Judge, the Court specifically indicated that "this referral is not for the purposes of re-arguing or re-litigating the issue of AmEx's entitlement to fees as that issue was already decided in the Prior Action. Instead, the only issue before the Magistrate Judge will be a determination of the amount of fees and costs that Plaintiff should be required to pay in order to comply with the July 15, 2009 Order and proceed with this action." *Id.* The Court also cautioned that "if Plaintiff is attempting to indicate to the Court that she can't afford and/or won't pay any amount of sanctions, then a referral to the Magistrate on this issue will be a further waste of judicial resources. Therefore, in the event Plaintiff determines that she cannot or will not pay the sanctions, Plaintiff may instead move to voluntarily dismiss this case with prejudice." *Id.* at 6.

On January 27, 2011, the Magistrate Judge issued the instant Report, recommending that the Court require Plaintiff to pay Defendant reasonable attorneys' fees in the amount of $43,658.00 and costs in the amount of $2,580.56. The Court's agrees with the Magistrate Judge's conclusion and finds the fees and costs to be reasonable. Importantly, in her Objections, Plaintiff does not take issue with the amount of fees and costs in the Report. Instead, for the first time Plaintiff now argues that Defendant has not demonstrated entitlement to an award of fees pursuant to 28 U.S.C. § 1988 and that Plaintiff should not suffer punishment that would render her unable to litigate her claims due to the bad acts of prior counsel. In effect, Plaintiff is attempting to improperly re-litigate issues that were already decided by this Court in the Prior Action and in the Court's Order Granting in Part Motion to Dismiss or Stay [DE-10].

As discussed above, the issue of entitlement to fees was not before the Magistrate Judge and, therefore, these Objections have no merit. On the contrary, the Court already determined in the Prior Litigation that Plaintiff was required to pay the attorneys' fees and costs incurred by AmEx in the Prior Action through the date of the Order as a condition of refiling the action. As such, Plaintiff's arguments relating to entitlement to fees under 28 U.S.C. § 1988 have no application here when such fees and costs were clearly awarded as a sanction for Plaintiff failing to comply with the Court's orders in the Prior Action and not pursuant to a prevailing party determination. Finally, to the extent that Plaintiff is attempting to indicate that she will not or cannot pay Defendant's fees and costs, the Court reiterates that Plaintiff may instead elect to voluntarily dismiss this case with prejudice.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [DE-18] is hereby **ADOPTED** and **APPROVED**;

2. Defendant's Verified Motion for Determination of Reasonable Attorneys' Fees and Costs and Incorporated Memorandum of Law in Support [DE-15] is hereby **GRANTED**;

3. In order to proceed with this action, Plaintiff is hereby **ORDERED** to pay Defendant reasonable attorneys' fees in the amount of $43,658.00 and costs in the amount of $2,580.56 on or before April 8, 2011. Alternatively, Plaintiff may move to voluntarily dismiss this action with prejudice on or before April 8, 2011;

4. This action remains **STAYED** until April 8, 2011. Failure to comply with this Order by April 8, 2011, shall result in the immediate dismissal of this action with prejudice.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 8th day of March, 2011.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record
Magistrate Judge Snow